UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUMEL SMITH** | **CIVIL ACTION** |
| **VERSUS** | |
| **NORTH LIGHT SPECIALTY INSURANCE COMPANY** | **NO. 23-152-JWD-EWD** |

## STATUS REPORT

**A.   JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. There is complete diversity as to all properly joined parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**BRIEF EXPLANATION OF THE CASE**

1.   Plaintiff claims:

This is a case involving storm damage sustained to Plaintiff's Property located at 14033 Rampart Ct., Baton Rouge, Louisiana, during Hurricane Ida on or about August 29, 2021. Defendants issued policy number 0000481065428 Plaintiff for the period of October 12, 2020 to October 12, 2021 (the "Policy"), subject to all terms, conditions, and limitations therein. Shortly after the weather event, Plaintiff notified Defendant of the claim. Defendants subsequently conducted an investigation and adjustment of the claim. During this time, a dispute arose regarding the amount and scope of the loss.

Plaintiff asserts that Defendant arbitrarily did not timely and adequately pay on Plaintiff's claim. In addition to the bad faith penalties and attorneys' fees on the contractual damages not

paid, Plaintiff believes he is entitled to bad faith penalties and attorneys' fees on untimely payment(s).

2. Defendant claims:

Plaintiff, Jumel Smith filed suit seeking recovery of damages sustained to his property at 14033 Rampart Ct., Baton Rouge, Louisiana, arising from Hurricane Ida of August 29, 2021. Plaintiff claims defendant, Northlight Specialty Insurance Company, his homeowner's insurer, provided coverage for the damage sustained to his property. The initial reports of damages reported by plaintiff following the hurricane were solely to the exterior of his property. A year later, after repairs were made to the property, plaintiff claimed his property also sustained interior damage.

Plaintiff and defendant dispute the amount of the loss. Defendant claims policy coverage defenses including lack of a requirement of the insured residing at the premises, the lack of occupancy, vacancy of the premises and prejudice to defendant for pre-inspection repairs.

**C.    PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):
No motions have been filed to date.

**D.    ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

1. Coverage exclusion due to lack of a requirement of the insured residing at the premises;
2. Coverage exclusion due the lack of occupancy;
3. Coverage exclusion due to vacancy;

  4.  Coverage exclusion due to prejudice to defendant for pre-inspection repairs of some of the alleged damages caused by the storm;

  5.  The nature of damages sustained in Hurricane Ida;

  6.  Scope and costs of damages

**E.** **DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

  1.  Plaintiff's calculation of damages:

Plaintiff is seeking all damages available under Louisiana law, including but not limited to replacement cost for damage to the Property, reimbursement for personal repairs at the Property, actual costs related to personal property manipulation, cleaning, repair, and/or replacement, mental anguish, penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and attorney's fees, other professional fees, and litigation costs associated with the bringing of this action. More specifically, Plaintiff is seeking $77,347.83 in contractual damages, statutory penalties in the amount of $33,355.05 under La. R.S. § 22:1892 and $133,464.18 under La. R.S. §22:1973, and attorney's fees under La. R.S. § 22:1892 for $35,034.35.

  2.  Defendant's calculation of offset and/or plaintiff's damages:

Defendant has paid on the dwelling of $3,786.70 and other structures of $1,257.88. The policy deductible is $3,020.

  3.  Counterclaimant/cross claimant/third party's calculation of damages:

N/A

**F.** **SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

None.

**G.** **DISCOVERY**

4

1. Initial Disclosures:

    A. Have the initial disclosures required under FRCP 26(a)(1) been completed?

        [ ] YES  [ X ] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

    B. Do any parties object to initial disclosures?

        [ ] YES  [ X ] NO

For any party who answered *yes*, please explain your reasons for objecting.

2. Briefly describe any discovery that has been completed or is in progress:

    By plaintiff(s): None.

    By defendant(s): None.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

None known.

4. Discovery from experts:

    Identify the subject matter(s) as to which expert testimony will be offered:

    By plaintiff(s): Causation and estimation of damages.

    By defendant(s):  Estimation of alleged damages.

**H.     PROPOSED SCHEDULING ORDER**[5]

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:        N/A        .

2. Recommended deadlines to join other parties or to amend the pleadings:          N/A          .

3. Filing all discovery motions and completing all discovery except experts:          3-1-24          .

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    Plaintiff(s):     8-31-23     .

    Defendant(s):    9-30-23    .

5. Exchange of expert reports:

    Plaintiff(s):     10-1-23     .

    Defendant(s):    11-1-23    .

6. Completion of discovery from experts:     4-1-24     .

7. Filing dispositive motions and Daubert motions:   5-1-24    .

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.

---

      a.    Deadline to file pre-trial order[2] (approximately 16 weeks after dispositive motion deadline).

      b.    Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

      c.    Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

      d.    Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

      e.    Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

      f.    Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

## I. TRIAL

1. Has a demand for trial by jury been made?

          [x] YES    [ ] NO

2. Estimate the number of days that trial will require.
    2 days.

## J. OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES   [ x ] NO

Case 3:23-cv-00152-JWD-EWD    Document 9    05/11/23   Page 7 of 11

      i.      If the answer is *yes*, please explain:

      ii.     If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?  **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[ x ]  YES   [ ] NO

**K.   SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

None

2. Do the parties wish to have a settlement conference:

[ ]  YES   [ x ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

**L.   CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ]  YES   [ x ] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated:  May 11, 2023

<div style="margin-left:50%">

<u>/s/ Lance C. Unglesby</u>
Lance C. Unglesby (#29690)
Adrian M. Simm, Jr. (#36673)
Jamie F. Gontarek (#37136)
**Unglesby Law Firm**
607 St. Charles Avenue, Suite 300
New Orleans, LA 70130
Telephone: (504) 345-1390
Facsimile: (504) 342-0835
Lance@unglesbylaw.com
Adrian@unglesbylaw.com
Jamie@unglesbylaw.com
Attorney(s) for Plaintiff(s)

/s/ James L. Donovan, Jr.
JAMES L. DONOVAN, JR. (1337)
DONOVAN & LAWLER, APLC
4640 Rye Street
Metairie, LA 70006
Telephone:  (504) 454-6808
Facsimile:  (504) 887-5885
Email:  jdonovan@donovanlawler.com
Attorney for Defendant

</div>

## CERTIFICATE OF SERVICE

I certify that on May 11, 2023 a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

<div style="margin-left:50%">

<u>/s/ Lance C. Unglesby</u>

</div>

## NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF
## CIVIL CASE BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c), you are hereby notified that all of the parties in this civil case may consent to allow a United States Magistrate Judge of this district court to conduct any and all proceedings, including trial of the case and entry of a final judgment.

You may consent by signing the form contained within the status report, or you may use the attached form at any later stage of the proceedings should you decide at that time to proceed before the United States Magistrate Judge. A copy of a consent form is enclosed and is also available from the clerk of court.  In the event all parties consent to proceed before the Magistrate Judge, the signed consent form must be filed with the court electronically, but ONLY AFTER **ALL** PARTIES HAVE SIGNED THE FORM.

You should be aware that your decision to consent, or not to consent, to the disposition of your case before a United States Magistrate Judge is entirely voluntary. Either the district judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in doing so, shall also advise the parties that they are free to withhold consent without adverse consequences.

Please note that the parties may appeal the magistrate judge's decision directly to the court of appeals in the same manner as an appeal from any other judgment of the district court.

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**PLAINTIFF**  **CIVIL ACTION**

**VERSUS**

**NO.**

**DEFENDANT**

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. 636(c), the parties to the above captioned civil proceeding hereby waive their right to proceed before a United States District Judge and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including but not limited to the trial of the case, and order the entry of judgment in the case.

The parties are aware that in accordance with 28 U.S.C. 636(c)(3), any aggrieved party may appeal from the judgment directly to the United States Court of Appeals for the Fifth Circuit in the same manner as an appeal from any other judgment of the district court.

| Date | Party Represented | Pro Se or Atty. Name | Pro Se or Atty. Signature |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |